

# CT Corporation

**Service of Process Transmittal**
05/18/2011
CT Log Number 518535955

TO: Raal Roos, VP-Legal & Gen. Csl.
SALLY BEAUTY HOLDINGS, INC.
3001 Colorado Blvd.
Denton, TX 76210

RE: **Process Served in Tennessee**

FOR: Sally Beauty Supply LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Evelyn Henning, Pltf. vs. Sally Beauty Supply, LLC, Dft. |
| DOCUMENT(S) SERVED: | Summons, Information, Complaint, Cost Bond, Exhibit |
| COURT/AGENCY: | Knox County Circuit Court, TN<br>Case # 1-226-11 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - On March 13, 2010 defendant wrongfully terminated plaintiff - Seeking $250,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Process Server on 05/18/2011 at 10:30 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service of the summons and complaint, exclusive of the date of service |
| ATTORNEY(S) / SENDER(S): | E.H. Rayson<br>P.O Box 629<br>Knoxville, TN 37901-0629<br>865-525-5134 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 05/18/2011, Expected Purge Date: 05/23/2011<br>Image SOP<br>Email Notification, Lisa Henderson LHenderson@Sallybeauty.com<br>Email Notification, Debbie Middleton dmiddleton@sallybeauty.com<br>Email Notification, Raal Roos rroos@sallybeauty.com<br>Email Notification, Ande Wall awall@sallybeauty.com<br>Email Notification, Candy Henson chenson@sallybeauty.com<br>Email Notification, Matthew Haltom mhaltom@sallybeauty.com<br>Email Notification, Sheila Ogletree sogletree@sallybeauty.com<br>Email Notification, Peter Reynolds preynolds@sallybeauty.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

[ ] Original Copy
[X] Defendant's Copy

FILED
2011 MAY 18 A 10: 11
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

### SUMMONS

| | |
|---|---|
| EVELYN HENNING, | ) |
| Plaintiff, | ) |
| v. | ) No. 1226-11 |
| | ) (Jury Demanded) |
| SALLY BEAUTY SUPPLY, LLC | ) |
| Defendant. | ) |

To The Above-Named Defendant: Sally Beauty Supply, LLC.

You are hereby summoned and required to serve upon E.H. Rayson, Plaintiff's Attorney, whose address is 2500 Plaza Tower, P.O. Box 629, Knoxville, Tennessee, 37901-0629, an Answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, Judgment by default can be taken against you for the relief demanded in the Complaint.

ISSUED and tested this 18 day of May, 2011.

_____
CLERK

_____
DEPUTY CLERK

### NOTICE

To The Defendant: Sally Beauty Supply, LLC

Tennessee law provides a **Four Thousand Dollar ($4,000.00) personal property exemption** from execution or seizure to satisfy a Judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

1

## SERVICE INFORMATION

**To The Process Server:** Sally Beauty Supply, LLC., may be served with process through its registered agent CT Corporate Systems, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

## RETURN

I received this Summons on the _18th_ day of _May_, 2011.

I hereby certify that on the _____ day of _____, 2011, I:

[✓] **served** this Summons and the Complaint on Sally Beauty Supply, LLC. in the following manner:
_By serving its registered agent CT Corporate Systems._

[ ] **failed** to serve this Summons within thirty (30) days after its issuance because:
_____

_____
PROCESS SERVER

2

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
> (865) 215-2952  TTY: 215-2497
> patcarson@knox.county.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
> (615) 741-2687 OR (800) 448-7970
> adacoordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

# IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE

| | |
|---|---|
| EVELYN V. HENNING, | ) |
| Plaintiff, | ) |
| v. | ) No. 1226-11 |
| | ) **JURY DEMANDED** |
| SALLY BEAUTY SUPPLY, LLC, | ) |
| Defendant. | ) |

FILED
2011 MAY 18 A 10: 11
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COMPLAINT

The Plaintiff, Evelyn V Henning, sues the Defendant, Sally Beauty Supply, LLC, and for cause of action says:

1. Plaintiff, Evelyn V. Henning ("Plaintiff"), is a citizen and resident of Knox County, Tennessee.

2. Defendant, Sally Beauty Supply ("Sally"), is a Delaware limited liability company. Its principal office is located in Denton, Texas, and its Tennessee agent for service of process is CT Corporate Systems, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929. Sally's has a place of business in Knox County at 7454 Chapman Highway, Knoxville, Tennessee.

3. Venue is proper in Knox County in that the acts material to Plaintiff's claim occurred in Knox County; the Defendant is subject to personal jurisdiction in Knox County.

4. The Plaintiff was employed by the Defendant on or around November 11, 2001. Plaintiff was terminated on March 13, 2010. Plaintiff was 57 years of age and earning $9.38 per hour at the time of her termination.

5. During the time period material to this case, the Defendant was engaged in business as a retail beauty supply store. It had and has in excess of fifty employees. It is subject to the state and federal law prohibiting discrimination based on age and the state and federal law making it unlawful to discharge an employee for making complaints about a hostile work environment and sexual harassment.

6. In 2008, Janice Brown became the store manager at Sally's Chapman highway location. By 2009, Ms. Brown engaged in conduct constituting sexual harassment and created a hostile working environment. Specifically, Ms. Brown would constantly discuss her personal sex life and she would routinely touch her breasts and genital area. Ms. Brown's conduct and remarks were upsetting, harassing and extremely offensive to Plaintiff and other Sally's employees.

7. In December of 2009, Plaintiff called Twila Guerlis to report the harassing conduct of Ms. Brown. Ms. Guerlis is a district manager of Sally and is the direct supervisor of Ms. Brown.

8. Ms. Guerlis failed to properly investigate the harassing behavior of Ms. Brown. On the contrary, Ms. Guerlis simply called Ms. Brown and advised her of Plaintiff's complaint. After Plaintiff reported Ms. Brown's conduct to Ms. Guerlis, Ms. Brown threatened Plaintiff. Specifically, Ms. Brown told Plaintiff and other Sally employees that if anyone called the corporate office, or Ms. Guerlis, that they would be fired on the spot.

9. Thereafter, Plaintiff was subjected to further intimidation, discrimination and harassment. Plaintiff was stripped of her "Level 4" authority and she was no longer allowed to conduct purchase orders. Plaintiff also learned of several unfounded complaints about her work

2

that had been made by Ms. Brown, whereas prior to her complaint she had received an exceptional performance rating.

10. Plaintiff was further subjected to age related harassment. Ms. Brown remarked that Plaintiff was too old for the job. Ms. Brown also accused plaintiff of forgetting things because of her age.

11. Plaintiff alleges that, pursuant to the THRA and Title VII, an employer is obligated to take prompt and effective action to alleviate the sexual harassment, hostile work environment, and retaliation of the like for which the Plaintiff experienced in the workplace. The Plaintiff alleges that Defendant failed to take such action in this case.

12. On or around March 13, 2010, Plaintiff was discharged. Her termination came without counseling of any kind. Moreover, though there had been no change in the level of her performance she was given a written separation notice which said her termination was based on failure to follow the store manager's directive. Plaintiff says this reason was totally false and a pretext - that the reason for her termination was her age and for her complaints to Ms. Brown and Ms. Guerlis regarding the sexual harassment and hostile working environment. Plaintiff was replaced by an employee with limited experience who was 22 years old.

13. This suit is brought by Plaintiff as a result of Defendant's termination of Plaintiff due to her age and complaints regarding the hostile working environment for which she was subjected to on a daily basis. Defendant discriminated against the plaintiff based upon her age in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101, *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 623 *et.seq.*

14. Plaintiff also brings this suit as Defendant has created a hostile working environment and is engaged in the sexual harassment of the Plaintiff; and the Defendant has

retaliated against Plaintiff for complaining of the foregoing. The sexual harassment occurred on virtually a daily basis and the Defendant's retaliation occurred soon after a complaint was made to the district manager. This discrimination and retaliation violates Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000(e), *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101, *et. seq.*

15. On or about July 12, 2010, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission ("THRC"). On April 22, 2011, Plaintiff received a Right-to-Sue Letter, a copy of which is attached hereto as **Exhibit 1.**

16. Since her termination the Plaintiff has sought employment with numerous companies but, despite her efforts, she has been unable to gain employment to date.

17. The Plaintiff further says the actions of the Defendant were willful and done in reckless disregard of her legal rights.

## COUNT I

18. Plaintiff hereby incorporates paragraphs one (1) through seventeen (17) of the Complaint by reference.

19. The Plaintiff says the actions of the Defendant were in violation of the Tennessee Human Rights Act and Age Discrimination in Employment Act of 1967, cited above, and that but for her age she would not have been terminated.

## COUNT II

20. Plaintiff hereby incorporates paragraphs one (1) through nineteen (19) of the Complaint by reference.

21. The Plaintiff says the actions of the Defendant were in violation of the Tennessee Human Rights Act, Title VII of the 1964 Civil Rights Act, and the Civil Rights Act of

4

1991, cited above, in that the Defendant was motivated to discharge Plaintiff based upon her complaints to her supervisor regarding sexual harassment and the hostile working environment.

## DAMAGES

22. By reason thereof the Plaintiff has been and will continue to be damaged. Plaintiff has suffered loss of past and future wages, loss of employment benefits, emotional distress, humiliation, and other damages for which the Defendant should be held liable.

## RELIEF SOUGHT

1. Award the Plaintiff compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), including damages for back pay, front pay, lost benefits, humiliation and embarrassment, and emotional distress.

2. Prejudgment interest.

3. All litigation expenses and a reasonable attorney fee.

4. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

The plaintiff demands a jury as to all issues so triable.

Respectfully submitted, this 18th day of May, 2011.

**Kramer Rayson LLP**

E. H. Rayson, (BPR # 001948)
BeecherA. Bartlett, Jr. (BPR # 010198)
Adam G. Russell (BPR # 27505)
P. O. Box 629
Knoxville, Tennessee 37901-0629
865-525-5134

5

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)* FILED

| To: | Evelyn Henning<br>802 Mccammon Rd.<br>Knoxville, TN 37920 | From: | Memphis District Office<br>1407 Union Avenue 2011 MAY 18 A 10:11<br>Suite 901<br>Memphis, TN 38104 CATHERINE F. QUIST<br>CIRCUIT COURT CLERK |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 25A-2010-00723 | V. Paulette Wilson,<br>Deferral Coordinator | (901) 544-0147 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Katha W Kores*     APR 2 0 2011

Enclosures(s)     **Katharine W. Kores,**     *(Date Mailed)*
    **Director**

cc: Michael Coleman, Senior Attorney     E. H. Rayson, Esq.
Sally Beauty Supply, LLC     Kramer Rayson LLP
3001 Colorado Boulevard     P.O. Box 629
Denton, TX 76210     Knoxville, TN 37901

**PLAINTIFF'S EXHIBIT 1**

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

FILED
2011 MAY 18 A 10: 11
CLERK

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case 3:11-cv-00260-TWP-CCS   Document 1-1   Filed 06/08/11   Page 11 of 11   PageID #: 15