IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EVELYN V. HENNING, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Case No. 3:11-CV-00260 |
| SALLY BEAUTY SUPPLY LLC, | ) ) ) |
| Defendant. | ) ) |

## AGREED CONFIDENTIALITY AGREEMENT AND ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

The undersigned parties to this litigation have agreed and consented to prohibit the disclosure of non-public, confidential information, which includes certain individual personal information, documents, data, and testimony that may be voluntarily produced in discovery or otherwise provided or made available by the parties to one another in this matter. Therefore, based on the undersigned parties' agreement and concurrence, and pursuant to the Court's authority as stated in Federal Rule of Civil Procedure 26(c), it is hereby ORDERED as follows:

**A.   Definitions.**

1.   "Confidential Information" as used in this Agreement and Order, means any document, information, (including, but not limited to, electronic documents or data) or testimony which relates information on such document(s) voluntarily produced or provided by the parties during the course of this action which is, in good faith, identified by the party producing the material or answering a discovery request with a stamp bearing the notation "Confidential Information," or other similar language. "Confidential Information" as used in this Agreement and Order includes all information that a designating party reasonably and in good faith believes

1

constitutes or discloses confidential business or financial information or information invasive of the legitimate privacy interests of the parties in this matter or other persons. The parties agree that any "Individual Personal Information," as defined below, contained within any document shall be redacted from any documents containing such "Individual Personal Information" prior to that document being provided to any fact or expert witness and/or filed with the Court. Additionally, any "Individual Personal Information" not necessary to further the discovery process may be redacted by the producing party prior to production to opposing counsel.

Any information or material so designated in good faith as "Confidential Information" which is obtained by the parties through the discovery process shall be used by the receiving party solely in connection with this action and may not be used or disclosed except as provided for in this Order. Any such designation shall be without prejudice to the rights of the parties to apply to the court for a determination of whether said designation is proper. Nothing in this Order shall be construed to adjudicate the actual confidentiality of any such material, but rather this Order is entered solely for the purpose of facilitating the discovery process in the above-styled action.

2. "Individual Personal Information" shall mean personal information of the parties or third persons not named as parties, in this litigation, including but not limited to:

 (a) social security numbers;

 (b) account numbers;

 (c) rates of pay and/or pay scales, except for pay rates/scales used generically without reference to specific, identifiable persons;

 (d) electronic personnel data, where the employee is identifiable;

 (e) the addresses, telephone numbers and dates of birth of any employees; and

2

K KCF01 288807 v1
2832072-000148 03/20/2012
Case 3:11-cv-00260-TWP-CCS   Document 7   Filed 03/22/12   Page 2 of 10   PageID #: 54

(f) any video and/or audio recordings, if any, where the employee's identity is revealed therein.

3. "Document" as used in this Agreement and Order means all written, electronic, recorded, or graphic material.

B. **Procedure for Designating Material as Confidential Information.**

1. In conjunction with any production of documents, the producing party shall designate "Confidential Information" by placing a stamp bearing the notation "Confidential Information" or other similar language, on the document containing the "Confidential Information."

2. Deposition testimony and exhibits may be designated as "Confidential Information" by identification as such on the record during any deposition or other proceeding or by written notice to opposing party or Court Reporter not later than twenty (20) business days after receipt of the deposition transcript. Thereafter, only those portions of the transcript and exhibit(s) that have been designated as "Confidential Information" shall be so treated, including that all "Confidential Information" designated as such that is contained within any deposition transcripts or exhibits shall be redacted by the party seeking to file such prior to filing the deposition transcript or exhibit with the Court.

C. **Qualified Persons with Access to Confidential Information/Allowed Use of Confidential Information.**

Documents, information or testimony considered as "Confidential Information" and properly designated under this agreement shall be used only in connection with this action, and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

3

1. Attorneys of record in this action and their associated attorneys, in-house counsel, legal assistants, paralegals, secretaries, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2. The Parties themselves and any employees, principals, officers, partners, shareholders, or independent contractors of a party to whom the party's attorney reasonably believes disclosure is necessary in connection with preparation for discovery or trial in this action, provided that before being provided or shown any Confidential Information, such employee, principal, partner, shareholder, or independent contractor must be provided with a copy of this Agreement and Order and expressly agree to abide and be bound by the terms stated herein by executing the Statement of Confidentiality form attached hereto as Exhibit A;

3. Independent consultants and/or experts retained by the parties or counsel to work on this action, provided, however, that before any such consultant or expert is shown or provided any Confidential Information, she/he must be provided with a copy of this Agreement and Order and expressly agree to abide and be bound by the terms stated herein by executing the Statement of Confidentiality form attached hereto as Exhibit A;

4. Persons deposed in this law suit if the deposing party believes in good faith that it is necessary to show the person "Confidential Information" and provided that, before any information document or thing designated as "Confidential Information" is provided or shown to a witness, she/he must be provided with a copy of this Agreement and Order and expressly agree to abide and be bound by the terms stated herein by executing the Statement of Confidentiality form attached hereto as Exhibit A;

5. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6. Other persons as agreed in writing by the parties or as ordered by the Court; and

7. The Court and court personnel.

Neither Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any "Confidential Information" except as necessary for purposes of the litigation.

Neither Plaintiff nor Defendant, nor their counsel of record shall discuss or disclose the contents of any "Confidential Information" with any other person, except between themselves for purposes of this action or as otherwise permitted in this Order.

Documents and/or testimony made confidential by this order may be produced and disclosed in response to a subpoena served upon the party which originally produced the document(s) or presented the testimony or upon the party receiving the documents or eliciting the testimony so long as notice of the subpoena is given to all other parties in this case at least ten (10) calendar days prior to the production of the subpoenaed documents or testimony.

**D.  Restrictions on the Use and Disclosure of Confidential Information.**

1. Persons obtaining access to "Confidential Information" shall use the information solely in connection with this action and not for any other purpose.

2. All "Confidential Information" designated as such that is contained within any document, including without limitation pleadings, briefs, deposition transcripts, deposition exhibits, and/or trial exhibits, shall, if possible and feasible, be redacted by the party seeking to file such prior to filing the document with the Court or, in the alternative, filed under seal. In the event that any "Confidential Information" is filed with the Court by any party, all documents as well as all motions, briefs, memorandum, or other pleadings containing or referencing (in such manner that the Confidential Information may be revealed thereby) the "Confidential

5

Information" shall be redacted by the filing party or filed under seal. If a party believes "Confidential Information" has been mistakenly filed with or in a pleading, such party may, at the party's own cost and expense, move that it be filed under seal.

3. Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting any party's right to make use of or object to the use of any information for any purposes or uses permitted under the Tennessee Rules of Civil Procedure, the relevant Local Rules of this Court, and/or the Tennessee Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of a final judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Tennessee Rules of Evidence, materials protected by this Agreement and Order may be offered in evidence at trial or at any hearing subject to such protective measures as may be provided by this Agreement and Order or directed by the Court. If this matter is tried before a jury, at a minimum, the Court will instruct the jury as to the protected and confidential nature of the information and order its non-disclosure.

4. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel intends to introduce or present any material designated Confidential Information under this Agreement and Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Agreement and Order.

E. **No Admission or Waiver.**

The inadvertent or unintentional disclosure of any "Confidential Information" by a party shall not be construed as a waiver, in whole or in part, of that party's claim of confidentiality

6

either as to the specific "Confidential Information" disclosed or as to any other related information. Such inadvertent or unintentional disclosure of any "Confidential Information" shall not serve as a basis for costs or sanctions.

F.  **Jurisdiction and Return of Documents.**

1.  This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use, return or destruction of Confidential Information disclosed hereunder.

2.  Within twenty (20) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the "Confidential Information" exchanged between the parties and defined under this Agreement and any work product, abstracts or summaries of "Confidential Information" prepared by Plaintiff or Defendant or their counsel shall be destroyed or returned to the party or parties who produced the requested "Confidential Information." The party in possession of the "Confidential Information" shall have the discretion as to whether to destroy or return such "Confidential Information" materials, but must complete such destruction or return within said 20 day period. If a party elects to destroy such "Confidential Information," such party must provide the other party a certification of the destruction of the "Confidential Information" within said 20 day period if so requested by the producing party. Any work product, abstracts or summaries of "Confidential Information" prepared by Plaintiff or Defendant or their counsel, if confidential under this Agreement, shall be retained in a secure manner and place by the respective parties and their attorneys and shall remain undisclosed.

G. **Dispute as to Confidential Information Designation.**

1. Nothing in this Agreement is intended to expand the scope or categories of documents entitled to protection on grounds of confidentiality under the Tennessee Rules of Civil Procedure and applicable law. If the non-disclosing party objects to the confidential designation given to a document, to testimony or to information, counsel for the parties shall meet and confer in a good faith attempt to reach an agreement regarding the confidential status of the document, testimony or information within five (5) business days after the opposing party has advised the producing party of its disagreement with the confidential designation. If the matter is not resolved by the parties themselves, the party asserting or challenging the confidential status of documents, information or testimony claimed to be restricted by this Agreement and Order may bring the dispute before the Court for a determination. The party asserting confidentiality bears the burden of proving that the documents are entitled to confidential status.

H. **Survival of Agreement and Order and Continued Jurisdiction of Court.**

1. The Court shall retain jurisdiction, both before and after the entry of final judgment and any appeal in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Agreement and Order.

2. The provisions of this Agreement and Order shall survive and remain in full force and effect after the conclusion of the matter whether such conclusion is by entry of final adjudication and judgment, including after any appellate proceedings in this case, or by settlement.

IT IS SO ORDERED.

*Thomas H. Phillips*
U.S. DISTRICT COURT JUDGE

APPROVED FOR ENTRY:


/s/ Adam G. Russell
E.H. Rayson
Adam G. Russell
by Timothy B. McConnell w/perm.
Kramer Rayson LLP
P.O. Box 629
Knoxville, Tennessee 37901
(865) 525-5134

*Counsel for Plaintiff*



/s/ Timothy B. McConnell
Timothy B. McConnell (BPR# 019136)
Kelly C. Flinn (BPR# 028261)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Counsel for Defendant, Sally Beauty Supply LLC.*

# EXHIBIT "A"

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in <u>Evelyn V. Henning v. Sally Beauty Supply LLC</u>, in the United States District Court for the Eastern District of Tennessee at Knoxville, Case No. 3:11-CV-00260, and hereby agree to abide by its terms and conditions. I acknowledge and understand that any violation of the Confidentiality Order by me or anyone acting under my direction may subject me to penalties for contempt of the United States District Court for the Eastern District of Tennessee at Knoxville.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
DATE